No. 20-2118

---

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

### LUMINATI NETWORKS LTD.,

*Plaintiff-Appellee*

**v.**

### BI SCIENCE (2009) LTD., BI SCIENCE INC.,

*Defendants-Appellants*

---

Appeal from the United States District Court for the Eastern District of Texas in
No. 2:18-cv-00483-JRG, Chief Judge J. Rodney Gilstrap.

---

### APPELLANT'S UNOPPOSED MOTION FOR CLARIFICATION

Michael A. Charish
**Charish Law Group P.C.**
347 Fifth Avenue, Suite 1402
New York, New York 10016
646.328.0183

John Christopher Rozendaal
William H. Milliken
**Sterne Kessler Goldstein
 & Fox PLLC**
1100 New York Avenue, NW
Washington, DC 20005
202.371.2600

*Counsel for Appellant
BI Science (2009) Ltd.*

Dated: August 18, 2020

Appellant BI Science (2009) Ltd. ("BI Science") requests clarification from the Court on two important issues regarding the currently pending appeal: *first*, whether the Court grants the district court leave to resolve the parties' pending joint motion to correct a mistake in the final judgment under Federal Rule of Civil Procedure 60, and *second*, how, in view of Federal Rule of Appellate Procedure 4, the pendency of that motion impacts the current briefing schedule in this Court.

## I.    Statement pursuant to Rule 27(a)(5)

Pursuant to Fed. Cir. R. 27(a)(5), on August 17, 2020, counsel for BI Science reached out to counsel for Luminati Networks Ltd. ("Luminati") and confirmed that Luminati does not oppose this motion.

## II.    Background

Luminati sued BI Science for patent infringement in the Eastern District of Texas. The case proceeded to an early *Markman* hearing. In construing the disputed claim terms, the court found claim 108 of asserted U.S. Pat. No. 9,241,044 indefinite. *See Luminati Networks Ltd. v. BI Science, Inc.*, No. 2:18-cv-00483-JRG, Dkt. 130 at 56, 2019 WL 6683268, at *10 (E.D. Tex. Dec. 6, 2019).

The case was then sent to mediation. The Eastern District of Texas entered a final judgment holding that the mediator's settlement proposal constituted a binding settlement agreement between the parties, which included an agreement to arbitrate that resulted in a binding arbitration award. *See Luminati Networks Ltd. v.*

*BI Science, Inc.*, No. 2:18-cv-00483-JRG, Dkt. 220 (E.D. Tex. July 2, 2020). In that same judgment, the district court also denied as moot all other relief not expressly granted therein. *Id.* It did not mention the court's indefiniteness holding in the *Markman* Order.

On July 24, 2020, the parties filed a joint motion to correct the final judgment. *Luminati*, No. 2:18-cv-00483-JRG, Dkt. 223 (citing Fed. R. Civ. P. 60(a), 60(b)(1), and 60(b)(6)). That motion alerted the district court that it did not include the consequences of its claim construction order in the final judgment, and requested that the court correct the judgment to include an invalidity holding for claim 108. *Id.* (citing *Orenshteyn v. Citrix Sys.*, 2011 U.S. Dist. LEXIS 161549, at *2-3 (S.D. Fla. 2011), in which the court corrected a final judgment to reflect an invalidity order). That motion is still pending.

Meanwhile, the deadline for filing a notice of appeal was approaching. Out of an abundance of caution, on July 29, 2020, BI Science filed a notice of appeal from the district court's final judgment challenging jurisdiction, venue, and the court's determination that the mediator's settlement proposal constituted a binding agreement. *See Luminati*, No. 2:18-cv-00483-JRG, Dkt. 228. On August 12, 2020, Luminati filed its own notice of appeal challenging the district court's indefiniteness decision. *See Luminati*, No. 2:18-cv-00483-JRG, Dkt. 233. As of

this motion, BI Science's appeal has been docketed No. 20-2118. *See* ECF 1.

Luminati's cross-appeal is not yet docketed in this Court.

## III.    Relevant Legal Authority

Federal Rule of Civil Procedure 60 governs relief from a judgment or order,

including corrections of mistakes in final judgments. Specifically, Rule 60(a)

provides:

> The court may correct a clerical mistake or a mistake arising from
> oversight or omission whenever one is found in a judgment, order, or
> other part of the record. The court may do so on motion or on its own,
> with or without notice. But after an appeal has been docketed in the
> appellate court and while it is pending, such a mistake may be
> corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Rule 60(b)(1) also identifies "mistake" and "inadvertence" as

reasons for relieving a party from a final judgment. Similarly, Rule 60(b)(6)

identifies "any other reason that justifies relief." Unlike Rule 60(a), relief under

Rule 60(b) does not necessarily require leave from the appellate court. *See*

*Standard Oil Co. v. U.S.*, 429 U.S. 17, 18-19 (1976) (holding that a district court

may entertain a motion for relief under Rule 60(b) without appellate leave).

Federal Rule of Appellate Procedure 4 relates to the effect of various

motions on a notice of appeal. For motions under FRCP 60, like the motion filed in

this case, FRAP 4(a)(4)(A) provides:

> If a party files in the district court any of the following motions under
> the Federal Rules of Civil Procedure—and does so within the time
> allowed by those rules—the time to file an appeal runs for all parties

from the entry of the order disposing of the last such remaining
motion:

. . .

for relief under Rule 60 if the motion is filed no later than 28 days
after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A)(vi). Appellate Rule 4(a)(4)(B) goes on to provide:

If a party files a notice of appeal after the court announces or enters a
judgment—but before it disposes of any motion listed in Rule
4(a)(4)(A)—the notice becomes effective to appeal a judgment or
order, in whole or in part, when the order disposing of the last such
remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i).

The parties in this case filed a notice of appeal after the court entered a final

judgment, but before it disposed of the parties' timely Rule 60 motion, which is

one of the motions identified in FRAP 4(a)(4)(A). That puts the facts of this case

squarely within the situation contemplated by FRAP 4(a)(4)(B). According to these

rules, both BI Science's and Luminati's notices of appeal become effective upon

entry of the district court's resolution of the pending Rule 60 motion to correct the

final judgment.

However, Rule 60 itself provides that once an appeal is docketed, the district

court can only resolve a pending motion to correct a judgment with leave from the

appellate court. Fed. R. Civ. P. 60(a) ("But after an appeal has been docketed in the

appellate court and while it is pending, such a mistake may be corrected only with

4

the appellate court's leave."). As of this motion, BI Science's appeal has been

docketed. No. 20-2118, ECF 1.

The Federal Circuit's practice notes to Rule 4 state that the appellant should

promptly notify the clerk if any party in the case files a motion listed in Appellate

Rule 4(a)(4). *See* Federal Circuit Rules of Practice (July 1, 2020) at 16. While the

pending motion was filed prior to the notice of appeal, it is not clear whether the

Court is aware of its current pendency. Furthermore, the practice notes state:

> This Court's clerk of court will deactivate an appeal or petition if a
> motion listed in Federal Rule of Appellate Procedure 4(a)(4) remains
> pending. Deactivation of the appeal suspends all further action in the
> court of appeals. Upon reactivation, the clerk of court will reschedule
> the next required filings and notify counsel.

*Id.* The parties' joint motion under Rule 60 is a motion listed in Federal Rule of

Appellate Procedure 4(a)(4) and remains pending.

## IV.   **Issues Requiring Clarification from this Court**

Two issues require immediate clarification from this Court: (1) whether the

Court grants the district court leave to correct the mistakes in the final judgment as

requested in the parties' joint Rule 60 motion, and (2) how the pending Rule 60

motion, applicable appellate procedural rules, and Federal Circuit practice notes

impact the current briefing schedule in this Court.

### A.   **This Court Should Grant the Required Leave**

The district court omitted from the final judgment the invalidity holding that

followed from its claim construction order. This Court should grant the district

5

court leave to correct the mistake in its final judgment, as identified in the parties'
joint Rule 60 motion. Such leave is required for the district court to dispose of that
motion under Rule 60(a).

The district court's omission here is the kind of clerical error that district
courts have authority to correct under Rule 60(a), *sua sponte* or upon a motion.
*See, e.g.*, *Am. Precision Vibrator Co. v. Nat'l Air Vibrator Co.*, 863 F.2d 428, n.6,
n.9 (5th Cir. 1989) (discussing circumstances under which it is proper to allow a
trial court to correct mistakes under Rule 60(a)); *Miller v. Trans Am. Press*, 709
F.2d 524, 527-28 (9th Cir. 1983) (finding a court's failure to record part of a
judgment could be corrected under Rule 60(a)). This Court can grant leave for the
district court to do so upon motion by the parties. *See Standard Oil*, 429 U.S. at 17
(considering leave for the district court to consider a Rule 60 motion upon request
by a party, as opposed to a request by the district court itself).

The parties also cited Rules 60(b)(1) and 60(b)(6) as alternative bases for
relief in their joint motion before the district court. To the extent this Court views
the correction that the parties requested in their joint motion as better suited to
Rule 60(b)—which does not necessarily require appellate leave—this Court should
still grant leave pursuant to Rule 60(a). There is no harm in granting leave under
Rule 60(a), even if the district court does not ultimately take action requiring such

leave. Doing so allows the district court the broadest discretion in resolving the pending motion under whatever rationale it sees fit.

BI Science therefore seeks clarification whether this Court grants leave for the district court to resolve the parties' pending joint motion under Rule 60(a), or whether the Court has instructions to the district court or the parties to proceed according to a different rule or authority.

### B.      This Court Should Clarify the Briefing Schedule

The Court sets deadlines for filing briefs and case progression based on the date the record is filed. *See*, *e.g.*, Fed. R. App. P. 28.1(f)(1) (setting the time for appellant's principal brief as "40 days after the record is filed"). BI Science's principal brief is currently docketed as due October 5, 2020. This deadline was docketed despite the pendency of the Rule 60 motion before the district court, which predates the filing of the notice of appeal in this case.

Accordingly, BI Science requests clarification from the Court whether the current briefing schedule still applies, whether the appeal will be deactivated, and whether a further motion to reactivate the case and set the briefing schedule will be necessary.

## V.    Conclusion and Relief Sought

This Court should clarify that the district court has leave to resolve the

pending Rule 60(a) motion and clarify how that pending motion impacts the

current briefing schedule in this appeal.

Dated:  August 18, 2020                    Respectfully submitted,

        /s/ *John Christopher Rozendaal*

Michael A. Charish                         John Christopher Rozendaal
**Charish Law Group P.C.**                 William H. Milliken
347 Fifth Avenue, Suite 1402               **Sterne Kessler Goldstein**
New York, New York 10016                   **& Fox PLLC**
646.328.0183                               1100 New York Avenue, NW
                                           Washington, DC 20005
                                           202.371.2600

                                           *Counsel for Appellant*
                                           *BI Science (2009) Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 20-2118 |
| **Short Case Caption** | Luminati Networks Ltd. v. BI Science (2009) Ltd. |
| **Filing Party/Entity** | Appellant BI Science (2009) Ltd. |

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/18/2020

Signature: /s/ Michael A. Charish

Name: Michael A. Charish

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| BI Science (2009) Ltd. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Findlay Craft PC: Eric H. Findlay | Findlay Craft PC: Kelce S. Wilson | |
| Findlay Craft PC: Robert B. Craft | Liston Abramson LLP: Ronald Abramson | |
| Findlay Craft PC: Debra E. Gunter | Liston Abramson LLP: Mord M. Lewis | |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Luminati Networks Ltd. v. BI Science (2009) Ltd., No. 2:19-cv-352 (E.D. Tex.) | BI Science (2009) Ltd. a/k/a BIScience Inc. v. Luminati Networks Ltd., IPR2020-00166 (PTAB) | |
| Luminati Networks Ltd. v. BI Science (2009) Ltd., No. 2:19-cv-397 (E.D. Tex.) | BI Science (2009) Ltd. a/k/a BIScience Inc. v. Luminati Networks Ltd., IPR2020-00167 (PTAB) | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  20-2118

**Short Case Caption:**  Luminati Networks Ltd. v. BI Science (2009) Ltd.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 1,726 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/18/2020

Signature: /s/ John Christopher Rozendaal

Name: John Christopher Rozendaal