2020-2118, -2181, 2021-1664, -1667

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**BRIGHT DATA LTD.,**
*Plaintiff-Cross-Appellant*

**v.**

**BI SCIENCE (2009) LTD.,**
*Defendant-Appellant*

**BI SCIENCE INC.,**
*Defendant*

Appeals from the United States District Court for the Eastern District of Texas in No. 2:18-cv-00483-JRG, Chief Judge J. Rodney Gilstrap.

## APPELLEE'S RESPONSE TO THE MOTION TO WAIVE CONFIDENTIALITY REQUIREMENTS

Appellee and Cross-Appellant Bright Data Ltd. ("Bright Data") opposes

Appellant BI Science (2009) Ltd.'s ("BI Science") Motion to Waive

Confidentiality Requirements (Dkt. No. 45). This issue continues to be a problem

of Bi Science's own making, and the latest motion ignores that BI Science already

moved this Court once to waive confidentiality requirements, and this Court stayed

the matter to allow the district court to rule (Dkt. No. 44). Now, without awaiting

that ruling (and without awaiting the district court's ruling on BI Science's recent

request to stay the action), BI Science is once again filing motions in this Court

that overlap motions already made to the district court. Bright Data respectfully

asks that this Court allow the district court to rule on BI Science's recent filings

before entertaining either its motion to stay or its co-filed motion to waive

confidentiality requirements.

Bright Data moved to unseal the district court's final judgment as early as

July 24, 2020. *See Bright Data Ltd. v. BI Science (2009) Ltd.*, No. 2:19-cv-483,

Dkt. No. 224 (E.D. Tex. July 24, 2020) ("Motion to Make Final Judgment

Public"). Notwithstanding pendency of the instant appeal (*id.* at Dkt. No. 228), BI

Science opposed that motion (*id.* at Dkt. No. 231, 240), and prevailed (*id.* at Dkt.

No. 255).

Having successfully delayed making the Final Judgment public and thereby

concealed its terms, BI Science then altered course to utilize the confidential

1

information for purposes of its own appeal.  Consequently, BI Science conceded the confidentiality issue and the parties filed a pending Joint Motion to Unseal Order and Corrected Final Judgment on April 30, 2021 (*id.* at Dkt. 276), just two months after Bright Data's Motion to Make the Final Judgment Public was denied (*id.* at Dkt. No. 255). BI Science needlessly waited until the deadline for filing its principal appellate brief to concede the confidentiality issue, rendering violation of Federal Circuit Rule 25.1(d)(1)(A) inevitable.

The instant motion is part of BI Science's broader effort to circumvent the district court, and Bright Data respectfully requests that the Court deny the motion. In the alternative, should BI Science be permitted to exceed the word limitations on confidentiality of Federal Circuit Rule 25.1(d)(1)(A), Bright Data asks that any such order also permit Bright Data to exceed those limitations in its response.

Dated:  August 2, 2021                              Respectfully submitted,

By: */s/ Robert Harkins*

Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave, Ste. 350
Berkeley, CA 94704
(510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
(202) 838-1568
ronw@ruyakcherian.com

*Attorneys for Plaintiff-Cross-Appellant
Bright Data Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2021, I electronically filed the foregoing APPELLEE'S RESPONSE TO THE MOTION TO WAIVE CONFIDENTIALITY REQUIREMENTS with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the Court's CM/ECF system, which will also effect service on all counsel of record.


*/s/ Robert Harkins*

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2020-2118, -2181, 2021-1664, -1667

**Short Case Caption:** Bright Data Ltd. v. BI Science (2009) Ltd.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 381 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/02/2021

Signature: /s/ Robert Harkins

Name: Robert Harkins

Save for Filing

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**   2020-2118, -2181, 2021-1664, -1667

**Short Case Caption**   Bright Data Ltd. v. BI Science (2009) Ltd.

**Filing Party/Entity**   Bright Data Ltd.

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 6/10/2021

Signature: /s/ Robert Harkins

Name: Robert Harkins

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Bright Data Ltd. | | IPPN Group Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| Mann Tindel Thompson Law Group<br>300 West Main, Henderson, TX 75652 | James Mark Mann | Gregory Blake Thompson |
| Capshaw DeRieux, LLP<br>114 E. Commerce Ave., Gladewater, TX 75647 | Elizabeth L. DeRieux | S. Calvin Capshaw |
| RuyakCherian LLP<br>1901 L St. NW, Suite 700, Washington, DC 20036 | Amadou Kilkenny Diaw | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |