**2020-2118, -2181, 2021-1664, -1667**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### BRIGHT DATA LTD.,

**Plaintiff-Cross-Appellant**

**v.**

### BI SCIENCE (2009) LTD.,

**Defendant-Appellant**

### BI SCIENCE INC.,

**Defendant.**

**Appeals from the United States District Court for the Eastern District of Texas in No. 2:18-cv-00483-JRG, Chief Judge J. Rodney Gilstrap**

### APPELLANT'S NON-CONFIDENTIAL EMERGENCY MOTION FOR INJUNCTION TO ENFORCE THE COURT'S AUGUST 16, 2021 ORDER

Michael A. Charish
**Charish Law Group, P.C.**
347 Fifth Avenue, Suite 1402
New York, New York 10016
646.328.0183

John Christopher Rozendaal
William H. Milliken
**Sterne Kessler Goldstein & Fox PLLC**
1100 New York Avenue, NW
Washington, DC 20005
202.371.2600

*Counsel for Appellant BI Science (2009) Ltd.*

Dated: August 19, 2021

**CONFIDENTIAL MATERIAL DELETED**

The redaction appearing on page 3 of this non-confidential version of BI Science's Emergency Motion for Injunction to Enforce the Court's August 16, 2021 Order relates to information derived from the district court's final judgment, which is currently under seal.  The parties have jointly moved the district court to unseal the final judgment and associated materials and are awaiting a decision on that motion.

Pursuant to Federal Rule of Appellate Procedure 8(a)(2) and Federal Circuit Rule 8, Appellant BI Science (2009) Ltd. moves for an emergency injunction to enforce the Court's August 16, 2021 order temporarily staying the district court's February 1, 2021 final judgment.

1.     BI Science first moved the district court to stay its judgment pending appeal approximately one year ago, in August 2020. *See* Dkt. 47 Ex. C. After the district court issued a corrected final judgment in February 2021, BI Science renewed its motion to stay. *See* Dkt. 47 Ex. E. That motion remains pending before the district court. Dkt. 47 at 3.

In late July, BI Science moved this Court for a stay of the final judgment pending appeal. Dkt. 47. BI Science explained that a stay is appropriate because (i) BI Science is likely to succeed on the merits of its appeal; (ii) absent a stay, BI Science will suffer catastrophic and irreversible harm that will likely put it out of business, thus rendering any appeal right illusory; (iii) Bright Data will not be harmed by a stay because BI Science has offered security sufficient to protect Bright Data's rights pending appeal; and (iv) the public interest favors preserving BI Science's appeal rights and avoiding the disruption to its customers that enforcement of the final judgment would entail. *See* Dkt. 47; Dkt. 55. BI Science further explained that it could not wait any longer for the district court to rule on the motion to stay in light of Bright Data's efforts to enforce the final judgment in

Israel. *Cf.* Fed. Cir. R. 8(c). Specifically, Bright Data obtained an ex parte order in Israel enforcing the Arbitration Award incorporated in the final judgment. The ex parte order required the transfer of BI Science's customers to Bright Data on August 16, 2021 — an event that threatens to irrevocably decimate BI Science's core business. Dkt. 47 at 2.

On August 6, this Court issued an order holding the motion to stay in abeyance pending the district court's ruling on the stay request. Dkt. 58. The Court stated, however, that, in light of "the imminence of an enforcement action by an Israeli court" on August 16, the Court would reconsider its determination if the district court did not rule by that date. *Id.* at 2. The district court did not rule on the stay request, and so, on August 16, this Court ordered that "[e]nforcement of the district court's February 1, 2021 final judgment is temporarily stayed pending the district court's decision on the motion for a stay pending before it and this court's subsequent consideration of this motion." Dkt. 59 at 2.

**2.**     Bright Data, however, has refused to abide by this Court's temporary stay. Instead, Bright Data has continued its efforts to enforce the Arbitration Award in Israel. *See* Ex. 1 (Biger Decl.) ¶¶ 4-11. Specifically, the receiver appointed as a result of Bright Data's enforcement efforts has filed a motion requesting instructions that would authorize him to take several actions purportedly required by the Arbitration Award — including, among other things, shutting down

**CONFIDENTIAL MATERIAL DELETED**

BI Science's proxy-service business, sending all of BI Science's proxy-service

customers a letter to facilitate a transfer of customers to Bright Data, and ordering

BI Science to ▉Information relating to sealed judgment▉.  *See id.* ¶ 9.  The

receiver's motion can be found at Exhibit C to the Biger declaration, and an

English translation is attached hereto as Exhibit 2.  Bright Data's Israeli counsel

has taken the position that this Court's August 16 stay order does not prevent

Bright Data from enforcing the Arbitration Award because the order refers

generally to the district court's final judgment, instead of specifically to the

Arbitration Award.  *See id.* ¶¶ 5, 8, 11.  This argument is nonsensical; the final

judgment attaches and *expressly incorporates* the Arbitration Award:  "[T]he Court

hereby **ENTERS FINAL JUDGMENT** pursuant to and *fully incorporating herein*

*by reference for all purposes (as if set forth herein verbatim)* all the terms of . . .

*the Arbitration Award* … (attached hereto as Exhibit B)."  Dkt. 47 Ex. A (Final

Judgment) at 3 (bold emphasis in original, italics added).  By attempting to enforce

that award, Bright Data is plainly flouting this Court's stay order.  *See, e.g.*, *Nken*

*v. Holder*, 556 U.S. 418, 428 (2009) (stay should "have the practical effect of

preventing some action before the legality of that action has been conclusively

determined").

> **3.** If Bright Data is permitted to continue disregarding this Court's

August 16 stay order and to continue its enforcement efforts in Israel, BI Science

faces immediate and possibly company-ending harm.  Accordingly, BI Science respectfully requests that this Court issue an emergency injunction prohibiting Bright Data from making any further efforts to enforce the final judgment and Arbitration Award pending this Court's ultimate ruling on BI Science's motion to stay.  Absent such an injunction, Bright Data's enforcement efforts will effectively render this Court's temporary stay a nullity.

A party seeking temporary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1165 (Fed. Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  This is the same four-factor showing required of a party seeking a stay pending appeal.  *See* Dkt. 47 at 10 (citing *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990)); *cf. Nken*, 556 U.S. at 428 (noting the "functional overlap" between a stay pending appeal and an injunction).  Accordingly, BI Science submits that an injunction enforcing this Court's temporary stay order is appropriate for the same reasons a stay pending appeal is appropriate: BI Science has a substantial case on the merits; it will be irreparably harmed absent temporarily relief, and the equities and public interest counsel in favor of a stay. *See* Dkt. 47 at 11-22.

4

**4.** Because BI Science is seeking enforcement of an order issued by this Court, BI Science requests an injunction from this Court rather than the district court. *Cf.* Fed. R. App. P. 8(a)(2)(A); Fed. Cir. R. 8(c). Moreover, given the exigency of the situation and the fact that the district court has not yet ruled on BI Science's motion to stay, BI Science respectfully requests that this Court issue the requested injunction as soon as possible so that BI Science's appeal rights — and its core business — may be preserved while the Court considers BI Science's appeal.

**5.** Pursuant to Federal Rule of Appellate Procedure 8(a)(2)(C) and Federal Circuit Rule 8(b), BI Science notified Bright Data that it would be filing this emergency motion. Bright Data responded via email and asked that a copy of its message be included with the motion to apprise the Court of Bright Data's position. Ex. 3. The position in Bright Data's email repeats points made in Bright Data's opposition to BI Science's emergency stay motion, and BI Science's responses to those points can be found in its reply in support of that motion, Dkt. 57.

Accordingly, BI Science respectfully but urgently requests that the Court issue an order enjoining Bright Data from taking any further action to enforce the final judgment and Arbitration Award pending this Court's ultimate ruling on BI Science's motion to stay.

Dated:  August 19, 2021          Respectfully submitted,

                              /s/ *William H. Milliken*
                              John Christopher Rozendaal
                              William H. Milliken
                              **Sterne Kessler Goldstein**
                               **& Fox PLLC**
                              1100 New York Avenue, NW
                              Washington, DC 20005
                              202.371.2600

                              Michael A. Charish
                              **Charish Law Group P.C.**
                              347 Fifth Avenue, Suite 1402
                              New York, New York 10016
                              646.328.0183

                              *Counsel for Appellant*
                              *BI Science (2009) Ltd.*

**FORM 9. Certificate of Interest**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**  2020-2118, -2181, 2021-1664, -1667

**Short Case Caption**  Bright Data Ltd. v. BI Science (2009) Ltd.

**Filing Party/Entity**  Appellant BI Science (2009) Ltd.

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/04/2021

Signature:  /s/ William H. Milliken

Name:  William H. Milliken

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| BI Science (2009) Ltd. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| Findlay Craft PC: Eric H. Findlay | Findlay Craft PC: Kelce S. Wilson | Love Law Firm PC: Gregory P. Love |
| Findlay Craft PC: Robert B. Craft | Liston Abramson LLP: Ronald Abramson | |
| Findlay Craft PC: Debra E. Gunter | Liston Abramson LLP: Mord M. Lewis | |

---

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| Luminati Networks Ltd. v. BI Science (2009) Ltd., No. 2:19-cv-352 (E.D. Tex.) | BI Science (2009) Ltd. a/k/a BIScience Inc. v. Luminati Networks Ltd., IPR2020-00166 (PTAB) | |
| Luminati Networks Ltd. v. BI Science (2009) Ltd., No. 2:19-cv-397 (E.D. Tex.) | BI Science (2009) Ltd. a/k/a BIScience Inc. v. Luminati Networks Ltd., IPR2020-00167 (PTAB) | |
| | | |

---

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF EXHIBITS

**Exhibit 1** – Declaration of Asaf Biger

**Exhibit 2** – English translation of receiver's motion (filed in the district court at Dkt. 314)

**Exhibit 3** – Email exchange between M. Charish and B. Harkins (Aug. 19, 2021)

# Exhibit 1

Redacted in its entirety

# Exhibit A

Redacted in its entirety

# Exhibit B

Redacted in its entirety

# Exhibit C

## Redacted version

Redacted pages intentionally omitted

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIGHT DATA LTD.,**
*Plaintiff-Cross-Appellant*

**v.**

**BI SCIENCE (2009) LTD.,**
*Defendant-Appellant*

**BI SCIENCE INC.,**
*Defendant*

---

2020-2118, -2181, 2021-1664, -1667

---

Appeals from the United States District Court for the Eastern District of Texas in No. 2:18-cv-00483-JRG, Chief Judge J. Rodney Gilstrap.

---

## ON MOTION

---

PER CURIAM.

### ORDER

BI Science (2009) Ltd. submits a motion to stay enforcement of the district court's February 1, 2021 final judgment pending appeal.

2          BRIGHT DATA LTD. v. BI SCIENCE (2009) LTD.

Upon consideration thereof,

IT IS ORDERED THAT:

Enforcement of the district court's February 1, 2021 final judgment is temporarily stayed pending the district court's decision on the motion for a stay pending before it and this court's subsequent consideration of this motion. BI Science should promptly inform this court when the district court acts on the motion for a stay.

FOR THE COURT

August 16, 2021      /s/ Peter R. Marksteiner
Date            Peter R. Marksteiner
                 Clerk of Court

s32

cc:  United States District Court for the Eastern District of Texas, Marshall Division

Redacted pages intentionally omitted

# Exhibit 2

Redacted version

Redacted pages intentionally omitted

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**BRIGHT DATA LTD.,**
*Plaintiff-Cross-Appellant*

**v.**

**BI SCIENCE (2009) LTD.,**
*Defendant-Appellant*

**BI SCIENCE INC.,**
*Defendant*

———————————

2020-2118, -2181, 2021-1664, -1667

———————————

Appeals from the United States District Court for the Eastern District of Texas in No. 2:18-cv-00483-JRG, Chief Judge J. Rodney Gilstrap.

———————————

**ON MOTION**

———————————

PER CURIAM.

## O R D E R

BI Science (2009) Ltd. submits a motion to stay enforcement of the district court's February 1, 2021 final judgment pending appeal.

Upon consideration thereof,

IT IS ORDERED THAT:

Enforcement of the district court's February 1, 2021 final judgment is temporarily stayed pending the district court's decision on the motion for a stay pending before it and this court's subsequent consideration of this motion. BI Science should promptly inform this court when the district court acts on the motion for a stay.

FOR THE COURT

| | |
|---|---|
| August 16, 2021 | /s/ Peter R. Marksteiner |
| Date | Peter R. Marksteiner |
| | Clerk of Court |

s32

cc:  United States District Court for the Eastern District of Texas, Marshall Division

Redacted pages intentionally omitted

# Exhibit 3

Redacted in its entirety

FORM 31. Certificate of Confidential Material

Form 31
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF CONFIDENTIAL MATERIAL

**Case Number:** 2020-2118, -2181, 2021-1664, -1667

**Short Case Caption:** Bright Data Ltd. v. BI Science (2009) Ltd.

---

**Instructions:** When computing a confidential word count, Fed. Cir. R. 25.1(d)(1)(C) applies the following exclusions:

- Only count each unique word or number once (repeated uses of the same word do not count more than once).

- For a responsive filing, do not count words marked confidential for the first time in the preceding filing.

The limitations of Fed. Cir. R. 25.1(d)(1) do not apply to appendices; attachments; exhibits; and addenda. *See* Fed. Cir. R. 25.1(d)(1)(D).

---

The foregoing document contains ___8___ number of unique words (including numbers) marked confidential.

☑ This number does not exceed the maximum of 15 words permitted by Fed. Cir. R. 25.1(d)(1)(A).

☐ This number does not exceed the maximum of 50 words permitted by Fed. Cir. R. 25.1(d)(1)(B) for cases under 19 U.S.C. § 1516a or 28 U.S.C. § 1491(b).

☐ This number exceeds the maximum permitted by Federal Circuit Rule 25.1(d)(1), and the filing is accompanied by a motion to waive the confidentiality requirements.

Date: 08/19/2021

Signature: /s/ William H. Milliken

Name: William H. Milliken

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  2020-2118, -2181, 2021-1664, -1667

**Short Case Caption:**  Bright Data Ltd. v. BI Science (2009) Ltd.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 1,242 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/19/2021

Signature: /s/ William H. Milliken

Name: William H. Milliken